UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )    CASE NO.   00-6186-CR-FERGUSON
                         )    Magistrate Judge Snow
                         )
                         )
v.                       )
                         )
                         )
KATHLEEN SZABO           )
                         )
     Defendant.          )
_____

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing
Discovery Order. This response also complies with Local Rule 88.10
and Federal Rule of Criminal Procedure 16, and is numbered to
correspond with Local Rule 88.10.

A.   1.   There are no written statements made by the
          defendant, except those attached to this discovery
          response and incorporated herein by reference.

     2.   The government is unaware of any oral statements
          made by the defendant before or after arrest in
          response to interrogation by any person then known
          to the defendant to be a government agent that the
          government intends to use at trial, except as
          indicated in reports or other documents attached to
          this response and incorporated herein by reference,
          and as indicated in documents available for
          inspection by contacting Special Agent Jeffrey
          Outlaw at (954) 921-3509.

     3.   No defendant testified before the Grand Jury.

     4.   The NCIC record of the defendant, if any exists,
          will be made available upon receipt by this office.

5.    Books, papers, documents, photographs, tangible
objects, buildings or places which the government
intends to use as evidence at trial to prove its
case in chief, or were obtained or belonging to the
defendant may be inspected at a mutually convenient
time at the Office of the United States Attorney,
500 E. Broward Blvd., Suite 700, Ft. Lauderdale,
Florida 33394.   Please call Special Agent Jeffrey
Outlaw at (954) 921-3509 to set up a date and time
that is convenient to both parties.
The attachments to this discovery response are not
necessarily copies of all the books, papers,
documents, etc., that the government may intend to
introduce at trial.

6.    A laboratory analysis of the substance seized in
connection with this case will be made available to
you upon receipt by this office.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States
requests the disclosure and production of materials
enumerated as items 1, 2 and 3 of Section B of the
Standing Discovery Order.   This request is also
made pursuant to Rule 16(b) of the Federal Rules of
Criminal Procedure.

C.    The government will disclose any information or
material which may be favorable on the issues of
guilt or punishment within the scope of <u>Brady v.
Maryland</u>, 373 U.S. 83 (1963), and <u>United States v.
Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises
of immunity, leniency, preferential treatment, or
other inducements made to prospective government
witnesses, within the scope of <u>Giglio v. United
States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>,
360 U.S. 264 (1959).

E.    The government will disclose any prior convictions
of any alleged co-conspirator, accomplice or
informant who will testify for the government at
trial.

F.    No defendant was identified in a lineup, show up,
photo spread or similar identification proceedings.

G.    The government has advised its agents and officers
involved in this case to preserve all rough notes.

2

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

      If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.    N/A at this time; to be furnished when forensic analysis of controlled substance is complete.

O.    N/A

P.       N/A

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

             Time:  Approximately 1:30 p.m. to 2:30 p.m.
             Date:  June 19, 2000
             Place: Ft. Lauderdale/Hollywood International
                    Airport, Broward County, Florida

The attachments to this response are numbered pages 1- 20  . Please contact the undersigned Assistant United States Attorney if any pages are missing.

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY


                         By:_____
                              DEBRA J. STUART
                              Assistant United States Attorney
                              Court No.  5500061
                              500 E. Broward Blvd. Suite 700
                              Ft. Lauderdale, Fl 33394
                              Tel: (954) 356-7255, ext. 3597
                              Fax: (954) 356-7336

cc:  Special Agent Outlaw
     U.S. Customs Service

4

00004

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail July 17, 2000 to: Pat, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Ft. Lauderdale, Fl 33301.

DEBRA J. STUART
Assistant United States Attorney

5

00005

During secondary examination, SZABO gave vague and inconsistent answers to routine questions.

SZABO related, during the interview and in a written statement, essentially the following:

While living in the Ft. Myers area, SZABO became acquainted with a black male she knew only as "Phil." She met Phil about three or four months ago. Phil told SZABO that he wanted to take her to Jamaica and show her a great time shopping, dining out, pampering her, etc.

Phil introduced SZABO to a friend of his, a black male named "Rip" (SZABO later recalled Rip's true name as Ripton REID). Phil and REID both persuaded SZABO to take a trip to Jamaica. SZABO understood that these individuals wanted her to smuggle something back into the U.S., however, they were never specific. They were also not specific about how much she would be paid if she accomplished the task.

On June 10, 2000, REID drove SZABO to the Miami International Airport. REID provided her with the cash to purchase her ticket and both went to the Air Jamaica ticket counter. SZABO purchased her ticket for Montego Bay and REID appeared to have had a ticket waiting for him at the counter. They then flew together to Montego Bay seated next to each other. Upon arriving in Montego Bay, they were picked up by Phil and driven to a house occupied by a Jamaican family. SZABO stayed at the house for the duration of the trip.

On June 18, 2000, Phil tells SZABO that he wants her to carry some packages with her on the flight back to the United States. Phil and REID mention that there are "drugs" in the packages. The packages were constructed by REID. SZABO tells them that she wanted to think it over. REID tells her that she has nothing to worry about. REID leaves that day to fly back to the United States.

On June 19, 2000, Phil comes to SZABO and begins to pressure her to smuggle three packages. Phil then shoved one package between her's legs and tells her to put the other two in her bra. SZABO tells Phil that the package in her pants, between her legs, would be easily found. SZABO removed the package and placed it in her bra with the other two packages.

Phil then began to rush her, telling her that a cab was waiting outside to take her to the airport.

SZABO took the cab to the airport and flew by herself on the Air Jamaica to Ft. Lauderdale. Phil had told her, before she left Jamaica, that REID would pick up at the airport upon her arrival. SZABO assumed that REID was going to pick her up and take somewhere where she would exchange the drugs for money.

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**PRISONER REMAND OR ORDER TO DELIVER**

*FTC Court*

| This Form should be delivered to the Warden or his designate | | | |
|---|---|---|---|
| Inmate's Name (last, middle, first) *Szabo, Kathleen* | | | Register No. *60805-004* |
| Charge/Sentence | Bail Amount | | ☐ Mental Competency Study |
| 11 USC 811 | | ☐ SENTENCED | ☐ Study and Observation |
| 11 USC 952 P(W)D | | | ☐ Federal Writ |
| Importation/issue | | ☒ UNSENTENCED | ☐ Adult Sentence |
| | | | ☐ Other (specify): |

| Arraigned: ☐ YES ☒ NO | Arraignment Date: | If not arraigned, must be removed within 24 hours |
|---|---|---|
| Arraignment Scheduled: ☐ YES ☐ NO | | |

| **IN** | | **IN** | | **IN** | | **IN** | | **IN** | **IN** | **IN** | **IN** |
|---|---|---|---|---|---|---|---|---|---|---|---|

| | Agency | District |
|---|---|---|
| Is herewith remanded to your custody | U.S. Customs Svc | Southern Florida |
| Estimated removal (date and time): | Name of Agent *Jethro Outlaw* | Phone *954-931-3509* |

**THE ABOVE NAMED FEDERAL PRISONER RECEIVED** 6/19/2000

| *(signature)* | | 20 |
|---|---|---|
| Signature | Title *SO* | Date & Time *7PM* |

| **OUT** | | **OUT** | **OUT** | **OUT** | **OUT** |
|---|---|---|---|---|---|

| | Agency | District |
|---|---|---|
| Is delivered to agent presenting and signing this order | | |
| Name of Agent | | Phone |

**THE ABOVE NAMED FEDERAL PRISONER RECEIVED**

| Signature | Title | Date & Time |
|---|---|---|

| Complete this section for initial commitments only | | | | | |
|---|---|---|---|---|---|
| Sex *F* | Race *W* | Ethnic Origin *USA* | Date of Birth *7/31/64* | Height *5'7"* | Weight *210* |
| Color Hair *Blonde* | Color Eyes *Blue* | Citizenship *USA* | | Birth Place *Montana* | Social Security No. *___-39-1851* |

| Health Status (Physical and Emotional) |
|---|
| Manic Depression, + bike... |

| Drug History | Medication Prescribed |
|---|---|
| No illegal - Rx... | |

| Residence | Phone | Next of Kin |
|---|---|---|
| ...el Prado Cir Cel, FL 33090 | ...6303 | Paul H... |

| SEPARATEE NAMES: *Charles Szabo - Divorced* | Father... |
|---|---|

| SENTRY CLEARANCE (BOP must complete) | 503 173-6532 |
|---|---|
| Name Search completed: ☒ Yes ☐ No. Clearance/Separatee Display checked: ☒ Yes ☐ No | |

White (original) copy distribution—Federal agent delivering prisoner
Canary copy distribution—for facility as commitment receipt
Pink copy distribution—for facility as removal receipt

*Cash received #36.96*

00007

**Affidavit** *Kathleen Szabo*

United States of America _____ ) ss
_____, District of _____ )

00008

1. I, Kathleen Szabo _____, state that:

2. I reside at Cape Coral, Fl. about 3-4 months ago, I

3. met this black guy (Phil) who wanted to take me to

4. Jamaica and treat me like a queen, he was to wine &

5. dine me, take me shopping, give me a bubble bath, tr...

6. me real good, he kept telling me, he's going to buy merch...

7. ise + come back and sell it in a store, So I go...

8. Jamaica, I'm taken to miami Airport by Ripton Read,

9. Rip gave me money to by ticket, we Fly together to

10. montigo bay on Sat, 10th June, phil picks us up by...

11. takes us to a house where a Jamaican Family li...

12. I stay there the whole time, on Sun June 15th

13. Phil comes to me and tells me he wants me to car...

14. these packages on me, I tell phill I want to thi...

15. about it, then on monday he brings in three pkgs a...

16. puts me under pressure and slaps one pkg betwe...

17. my legs, and tells me put the other in my bra

18. then he said I've got to hurry cause there was a

19. cap waiting and I'm going to be late for the plane,

20. I did not want to do this, I want to stop,

21. and throw the stuff away, I wish I could hav...

22. got out of the perdicement I got in, I flew to

23. Fort lauderdale by myself, phili said, Rip would pi...

24. me up, Phill said Rip would pay me for bring the

25. pakayes, I'm sorry I did it and I will never do

26. agin! I was facing extreme hardship, + near homeles

27. I couldn't barely pay my bill, I was under a lot of pressure

2211 ...

Department of the Treasury

1  at a very vulnerable point in my life, I'm going

2  through, it seems, more than one major life change.

3 

4 

5 

6 

7 

8 

9 

10 

11 

12 

13 

14 

15 

16 

17 

18 

I have read the foregoing statement consisting of ___2___ pages, each of which I have signed. I fully under-stand this statement and it is true, accurate and complete to the best of my knowledge and belief. I made the corrections shown and placed my initials opposite each.

I made this statement freely and voluntarily without any threats or rewards, or promises of reward having been made to me in return for it.

_Kathleen Gyalco_
(Signature of affiant)

Subscribed and sworn to before me this _____
day of _____, 19_____,
at _____

_____
(Signature)

_Sebria Sucre Mendez, USCS_
(Title)

_Reila C. Ellis /csis/3920_

_____
(Signature of witness, if any)

21

(Attachment A)

MONETARY INSTRUMENT INVENTORY WORKSHEET
(CURRENCY COUNT)

Seizure No. _Dccc SA ccc S4 J501_    Summary: Yes___ No___
OE Case Number: _____ Seizing Officer _____
Package _1_ of _1_  Date: _6/19/2000_

CURRENCY:
| Denomination | Quantity | Total Amount |
|---|---|---|
| $_____ | /_____ | /$_____ |
| $_____ | /_____ | /$_____ |
| $_____ | /_____ | /$_____ |
| $ 100's | /_____ | /$_____ |
| $  50's | /_____ | /$_____ |
| $  20's | /___1___ | /$20.00 |
| $  10's | /_____ | /$_____ |
| $   5's | /___1___ | /$5.00 |
| $   2's | /_____ | /$_____ |
| $   1's | /___4___ | /$4.00 |
| Total Currency | | $29.00 |

COIN
| Denomination | Quantity | Total Amount |
|---|---|---|
| Dollars's | /_____ | /$_____ |
| Half-Dollar's | /_____ | /$_____ |
| Quarter's | /__14__ | /$3.50 |
| Dime's | /__36__ | /$3.60 |
| Nickel's | /__14__ | /$0.70 |
| Pennies | /__16__ | /$0.16 |
| Total Coin | | $7.96 |

MONETARY INSTRUMENTS (OTHER)
| Instrument | Quantity | Total Amount |
|---|---|---|
| Checks | /_____ | /$_____ |
| Drafts | /_____ | /$_____ |
| Money Orders | /_____ | /$_____ |
| Travelers Checks | /_____ | /$_____ |
| Total Monetary Instruments | | $_____ |

SUMMARY
| | |
|---|---|
| Total Currency | $ 29.00 |
| Total Coin | $ 7.96 |
| Total Monetary Instruments | $ |
| Combined Total | $ 36.96 |

_30397_

Signature of Seizing Officer/Badge Number

counted ?

witness _Buveis 35523_    _3858_ 6/19/00

Signature of Witness(s)  Counting Officer(s)/Badge Number(s)

00010

### STATEMENT OF RIGHTS

Before we ask you any questions, it is my duty to advise you of your rights. 

You have the right to remain silent.

Anything you say can be used against you in court, or other proceedings.

You have the right to consult an attorney before making any statement or answering any question, and you may have him present with you during questioning.

You may have an attorney appointed by the U.S. Commissioner or the court to represent you if you cannot afford or otherwise obtain one.

If you decide to answer questions now with or without an attorney, you still have the right to stop the questioning at any time, or to stop the questioning for the purpose of consulting an attorney.

HOWEVER--------

You may waive the right to advice of counsel and your right to remain silent and answer questions or make a statement without consulting an attorney if you so desire.
----------------------------------------------------------------

### WAIVER

I have had the above statement of my rights read and explained to me and fully understand these rights. I waive them freely and voluntarily, without threat or intimidation and without any promise of reward or immunity. I was taken into custody at _3:__ P^___ (time), on _6/19/00_____ (date), and have signed this document at __3:10 P^__ (time), on __6/19/00__ (date).

_Kathleen Sydo_
(Signature)

WITNESSES:
_____ /KAC/595__
(Name)
_____ /CSCS/30-59_
(Name)

00011

**Attachment**

## RISK ASSESSMENT OF NEWLY COMMITTED INDIVIDUAL

Please explain any affirmative responses as appropriate. Use the
reverse of this form for any extensive or additional comments.

1.  Is the inmate involved or was he/she involved in any high
    profile criminal activity or high profile case? ___No___ If
    so, explain.

2.  Is this inmate a known "drug lord"? ___No___ If so,
    explain.

3.  Is there any gang affiliation or group identification known
    about this inmate? ___No___ If so, which gang and to what
    extent is the influence?

4.  Is there any current or past history of violence associated
    with this inmate? ___No___ If so, explain and describe if
    weapons were involved.

5.  Is this inmate a potential escape risk either because of the
    nature and severity of his offense or for any other reason?
    ___No___ If so, please give details.

6.  Is there any known suicidal risk or is this inmate using any
    mind altering drugs at this time? ___No___ If so, explain
    the possible suicidal tendencies and/or the drug being used.

7.  Is there anyone you know who may be incarcerated at this
    facility from whom this inmate needs to be separated? ___No___
    If so, give complete name.

8.  Are there any extraordinary security precautions you recommend
    in relation to this inmate? ___No___ If so, please
    describe.

00012

AGENCY ___U S CUSTOMS___   DATE: _6/19/00_

PRINTED NAME OF AGENT: ___Jeffrey S. Doran___

U.S. Department of Justice
United States Marshals Service

**Personal History of Defendant**

Name __Szabo__ _(Last)_ __Kathleen__ _(First)_ _____ _(Middle)_

Aliases __Erica Hodgson__ _____ Criminal ID # _____

Race __W__ Sex __F__ Date & Place of Birth __7/31/64__ __Montana__

Citizenship __USA__ How Acquired __Birth__

Height __5'7"__ Weight __210__ Eyes __Blue__ Hair __Blond__ Build __Med__ National Origin __USA__

Complexion __Light__ Scars __Scar on Lt. ankle__ Deformities __N/A__

Marks, Moles, Tattoos __N/A__   I.R. Knee

Drug Addict (yes/(no)) Type Drug __N/A__ Peculiarities __N/A__

Address __1417-2 Del Vale Blvd   Cape Coral, FL   33990__

Telephone Number __941-526-6303__ Date and Time of Arrest __6/19/00   3 PM__

Place of Arrest/Violation __N. Lauderdale   Ft. FL__

Former Address __2075 Jefferson Ave   Ft. Myers FL 33901__

Locales Frequented __N/A__

Associates __N/A__
_(Name)_   _(Alias)_   _(Address)_

**FAMILY AND RELATIVES**

| | Name | Address |
|---|---|---|
| Father | Paul Hodgson | Grass bech, CA |
| Mother | Miriam Clism | Henderson, NV |
| Spouse | N/A | |
| Father-in-Law | N/A | |
| Mother-in-Law | N/A | |

00013

**BROTHERS, SISTERS, BROTHERS-IN-LAW, SISTERS-IN-LAW, CHILDREN**

Name                                                    Address

N/A

## EMPLOYMENT RECORD

Occupation _Student_                        Social Security No. _5 5 5 - 39 - 1 8 5 1_

Employer_____        Dates of Employment_____

Address_____

Duties_____

Military Service_____

(Organization)                        (Rating)                (Length of Service)

Date of Entry_____    Date of Discharge_____

Type of Discharge_____

Veterans Compensation_____

Selective Service Classification_____

Real Estate or Property Owned_____    Board_____

Bank Accounts _Little_  _Montreal_  _dillons_

Money Owed, Banks, Finance or Loan Companies_____

Insurance Policies, Fraternal Organizations, etc., that Would Assist in Locating Defendant in the Future_____

Chauffeur's License No._____  Auto Operator's License No._____  State _FL_

Automobile, Describe_____    _S100 - 600 - 64 - 771 - 0_

License No._____  State _____  Year Registration_____

Remarks:_____

Admitted Criminal Record

| 1981 | Battery | Entry - | under alc. |
| 1982 | Traffic | F.1.A. - | Wilma → |

Date _6/19/00_                        Prepared by: _____

SPECIAL AGENT, U.S. CUSTOMS
(Title)

DOJ

00014

UNITED STATES DISTRICT COURT
Southern District of Florida

| UNITED STATES OF AMERICA<br>Plaintiff | Case Number: CR _____ |
|---|---|
| V.S.<br><br>Kathileen Szabo<br>Defendant | REPORT COMMENCING<br>CRIMINAL ACTION |

TO: Clerk's Office      Miami     | Ft. Lauderdale    W. Palm Beach
     U.S. District Court              (Circle One)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
MAGISTRATES COURT ABOVE.

All items are to be completed. Information not applicable or unknown will be
indicated "N/A"

(1)   Date and Time of Arrest: 6/19/00     3 PM

(2)   Language Spoken: English

(3)   Offense (s) Charged: 21USC952-UNLAWFUL IMPORTATION OF NARCOTICS

                       21USC841(A) - POSS. W/H INTENT TO DISTR. NARCOTICS

(4)   U.S. Citizen       (✗) Yes     ( ) No     ( ) Unknown

(5)   Date of Birth: 7/31/64

(6)   Type of Charging Document:   (Check One)
      ( ) Indictment    (✗) Complaint    To be filed/Already filed

      CASE#_____
      ( ) Bench Warrant for Failure to Appear
      ( ) Probation Violation Warrant
      ( ) Parole Violation Warrant

      Originating District:_____
      COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES    ( ) NO

Amount of Bond: $_____ Who set Bond: _____
(7)   Remarks:_____

(8)   Date: 6/19/00    (9) Arresting Officer: Jeff Richter
(10) Agency: U.S. CUSTOMS SERVICE   (11) PHONE: 414-921-3307
(12) Comments: _____

00015

UNITED STATES MARSHALS SERVICE - BOOKING SHEET

**PLEASE PRINT ALL INFORMATION**NO PERSONAL PROPERTY ACCEPTED**

ASSIGNED USMS #_____DET OFF DUSM_____

ARRESTING AGENCY: U.S. Customs Svc. TEL # 954.921.3509

ARRESTEE'S NAME Szabo, Kathleen
(LAST, FIRST MIDDLE)

AKA: Erica Hodgson

RACE: W SEX F HAIR Blonde EYES blue HGT 5'7" WGT 210

DOB: 7/8/64 SSN: 555-39-85 FBI#_____

DR LICENSE# S100.500.64-77 STATE FL

ADDRESS 1417-3 Del Prado Blvd CITY Cape Coral

STATE: FL ZIP: 33990 TEL#: 526-6503 (941)

PLACE OF BIRTH Kalispell, Montana

CITIZENSHIP STATUS COUNTRY: USA

LANGUAGE SPOKEN: English INTREPRETOR NEEDED: NO

KNOWN MEDICAL PROBLEMS: Acute Pain in back / Anxiety

TYPE OF CURRENT MEDICATION: Valium & anti-inflamatory

ESCAPE RISK POTENTIAL: N/A

DISTRICT WARRANT ISSUED:_____WARRANT#:_____

CHARGE(S): 21 USC 841, 21 USC 952

DATE/TIME/PLACE OF ARREST: 6/14/00 , 3 PM , Ft. Lauderdale FL

INITIAL DETENTION: JAIL/DATE/TIME:_____/_____/_____

AUTHORIZING AUSA/OFFICE: Deb Stewart , Sothern/Florida

TEL#: 954-356-7255 MISC INFO:_____

DATE/TIME OF BOOKING:_____/_____

ARRESTING AGENT'S NAME (PRINTED): Jeffrey Outlaw

ARRESTING AGENT'S NAME (SIGNATURE):_____



UNITED STATES MARSHAL
SOUTHERN DISTRICT OF FLORIDA

<u>BOOKING INFORMATION SHEET</u>

AGENCY: <u>U.S. CUSTOMS SERVICE</u>   OFFICER: <u>S/A</u>
******************************PERSONAL INFORMATION***************************

NAME: <u>Szabo , Katilen</u>   ALIAS: <u>a/k/a Erica Hodgson</u>
(last, first, middle)

RACE: <u>W</u>  SEX: <u>F</u> HEIGHT: <u>5'7"</u> WEIGHT: <u>210</u> HAIR: <u>Blonde</u> EYES: <u>Blue</u>

DATE OF BIRTH: <u>7/31/64</u>   PLACE OF BIRTH: <u>Kalispell, Montana</u>

SOCIAL SECURITY NUMBER: <u>555 - 39 - 1851</u>

ADDRESS: <u>1417-3 Del Prado Blvd. Cape Coral, FL 33990</u>
****************************ARREST INFORMATION ****************************

FBI NUMBER:_____ ARREST BASE ON WARRANT:_____
(WARRANT NUMBER)

DISTRICT WARRANT ISSUED:_____

PROBABLE CAUSE: <u>21 USC 841</u>   <u>21 USC 952</u>
(ENTER TITLE & SECTION)

CHARGES: <u>21 USC 841</u>
<u>21 USC 952</u>

DATE OF ARREST: <u>6/19/00</u>_____ TIME OF ARREST: <u>3:00 PM</u>

PLACE OF ARREST: <u>Ft. Lauderdale Ft' AIP, FL.</u>

MAGISTRATE TO APPEAR BEFORE:_____

AUTHORIZING AUSA: <u>Deb Stuart</u>
(NOTE: FOR PROBABLE CAUSE ARREST, NAME AND OFFICE TELEPHONE NUMBER.)

KNOWN MEDICAL PROBLEMS: <u>Anxicty & Pain in Kidny area</u>
(IDENTIFY)

ESCAPE RISK OR POTENTIAL: <u>N/A</u>

DATE OF BOOKING:_____ TIME OF BOOKING:_____

ARRESTING OFFICER'S SIGNATURE:_____

## RISK ASSESSMENT OF NEWLY COMMITTED INDIVIDUAL

Please explain any affirmative responses as appropriate. Use the reverse of this form for any extensive or additional comments.

1.   Is the inmate involved or was he/she involved in any high profile criminal activity or high profile case?  _N O_
If so, explain.

2.   Is the inmate a known "drug lord"?  _N O_
If so, explain.

3.   Is there any gang affiliation or group identification known about this inmate?  _N O_
If so, which gang and to what extent is the influence.

4.   Is there any current or past history of violence associated with this inmate?_N O_
If so, explain and describe if weapons were involved.

5.   Is this inmate a potential escape risk either because of the nature and severity of his/her offense or for any other reason?  _N O_
If so, please give details.

6.   Is there any known suicidal risk or is this inmate using any mind altering drugs at this time?
_N O_
If so, explain the possible suicidal tendencies and/or the drug being used.

7.   Is there anyone you know who may be incarcerated at this facility from whom this inmate needs to be separated?  _N O_
If so, give complete name.

8.   Are there any extraordinary security precautions you recommend in relation to this inmate?
_N O_
If so, please describe.

AGENCY  _U.S. CUSTOMS SERVICE_                 DATE  _6/19/00_

PRINTED NAME OF AGENT  _Jeffry O. Haw_

SIGNATURE OF AGENT  _____

```
TID= L6EU                                                                    T2P50.
FISCAL YEAR:* 2000 TYPE:* SA CONTROL NBR: 0008425 VIOLATOR NBR: 01 TOTAL: 01
TOPIC:* XXXXXX/BODY CARRIER JM 087 ONE ARREST
VIOLATOR BUSINESS NAME:
   ID#:             TYPE:    CITZNSHIP: US DOB: 07311964 SEX: F RACE: W
VIOLATOR LAST NAME: HODGSON-SZABO
        FIRST NAME: KATHLEEN              MIDDLE NAME: M
        STREET:* 1417-3 DEL PRADO BLVD                     APT/SUITE: 283
        CITY:* CAPE CORAL                      ST: FL CNTRY:* US ZIP: 33990
PERSONAL SEARCH: 06192000 1415 ARREST: 06192000 1430 SEIZURE: 06192000 1430
            OI CASE #:
CONTRIBUTING INFO:* NONE X DEA   CUSTOMS   TECS   NCIC   OTHER
PORT:* 5203          USERID              NAME-TITLE-AGENCY
DECLARATION TKN BY:  594705356    COOK/Z-CUSTOMS INSPECTOR (SPANISH)-C
ARRESTING OFFICER :  325424580    BANKS/L-CUSTOMS INSPR-C
SEIZING OFFICER   :  095381301    GRACHOW/L-CUSTOMS INSPR-C
SUPERVISOR        :* 097368827    NUALART/L-SUPVY CUSTOMS INSPR-C
PORT DIRECTOR     :                NORMA J CYR
CONVEYANCE TYPE:* C   INCIDENT CATEGORY:* D QUERY NOTIFY?: 0   GO TO SEAR?:
DATA HAS PASSED ALL EDITS.
**>>  INFORMATION ADDED TO DATA BASE  <<**  INC # IS:  2000SA000842501
  (PF1=HELP) (PF2=FIELD HELP) (PF3=MAIN MENU) (PF4=PREV MENU) (PF8=NEXT PAG-
                (PF9=ACCESS CNTL) (PF10=IMAGE) (PF19=EXIT)
```

# NOTICE

ALL PERSONS ARE SUBJECT TO FURTHER QUESTIONING AND THEIR PERSONS, BE-
LONGINGS, AND CONVEYANCE ARE SUBJECT TO SEARCH. (19 CFR 162.3 - 162.8)

The unlawful importation of controlled substances (narcotics, chemicals, prescription medicines if
not accompanied by a prescription, etc.) regardless of amount is a violation of U.S. law.

## AGRICULTURAL AND WILDLIFE PRODUCTS

To prevent the entry of dangerous agricultural pests and prohibited wildlife, the following are restrict-
ed: Fruits, vegetables, plants, plant products, soil, meats, meat products, birds, snails and other
live animals, or animal products, wildlife and wildlife products. Failure to declare all such items to a
Customs Agricultural/Wildlife officer can result in penalties and the items may be subject to seizure.

## CURRENCY AND MONETARY INSTRUMENTS

The transportation of currency, or monetary instruments REGARDLESS OF AMOUNT, IS LEGAL,
however, if you take out of or bring into the United States more than $10,000 U.S. or foreign equiv-
alent, or a combination of the two, in coin, currency, traveler's checks or bearer instruments such as
money orders, personal or cashier's checks, stocks or bonds, you are required BY LAW to FILE a
report on Form 4790 with the U.S. Customs Service. If you have someone else carry the currency
or instruments for you, you must also file the report. FAILURE TO FILE THE REQUIRED REPORT
OR FAILURE TO REPORT THE TOTAL AMOUNT YOU ARE CARRYING MAY LEAD TO THE SEI-
ZURE OF ALL THE CURRENCY OR INSTRUMENTS, AND MAY SUBJECT YOU TO CIVIL PEN-
ALTIES AND/OR CRIMINAL PROSECUTION.

## MERCHANDISE

U.S./FOREIGN NON-RESIDENTS must declare in Item 14 the total value of all articles intended for
others and items intended to be sold or left in the U.S. This includes all gifts and commercial
items or samples. (EXCEPTION: Your own personal effects, such as clothing, personal jewelry and
camera equipment, luggage, etc., need not be declared.)

U.S. RESIDENTS must declare in Item 14 the total value of ALL articles, including commercial
goods and samples, they acquired abroad (whether new or used, dutiable or not, and whether ob-
tained by purchase, received as a gift or otherwise), including those articles purchased in DUTY
FREE STORES IN THE U.S. OR ABROAD, which are in their possession at the time of arrival. Arti-
cles which you acquired on this trip mailed from abroad (other than articles acquired in insular pos-
sessions and various Caribbean Basin countries) are dutiable upon their arrival in the U.S.

THE AMOUNT OF DUTY TO BE PAID will be determined by a Customs officer. U.S. residents are
normally entitled to a duty, free exemption of $400 on those items accompanying them, non-resi-
dents are normally entitled to an exemption of $100. Duty is normally a flat rate of 10% on the first
$1,000 above the exemption. If the value of goods declared in Item 14 EXCEEDS $1400 PER PER-
SON, then list ALL articles below and show price paid in U.S. dollars or, for gifts, fair retail value.
Please describe all articles by their common names and material. For example: MAN'S WOOL
KNIT SWEATER, DIAMOND AND GOLD RING, etc. Also, please have all your receipts ready to
present to the Customs officer, if requested. This will help to facilitate the inspection process.

COMMERCIAL MERCHANDISE can be defined as articles for sale, for soliciting orders, or other
goods not considered personal effects of the traveler.

### IF YOU HAVE ANY QUESTIONS ABOUT WHAT MUST BE REPORTED OR DECLARED, ASK A CUSTOMS OFFICER

| DESCRIPTION OF ARTICLES (List may be continued on another Form 6059B) | VALUE | CUSTOMS USE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | TOTAL ▷ | |

Paperwork Reduction Act Notice: The information collected on this form is needed to carry out the Customs, Ag-
riculture, and Currency laws of the United States. We need it to insure that travelers are complying with these
laws and to allow us to figure and collect the right amount of duty and taxes. Your response is mandatory.
The estimated average burden associated with this collection of information is 3 minutes per respondent or
item traveler depending on individual circumstances. Comments concerning the accuracy of this burden esti-
mate and suggestions for reducing this burden should be directed to U.S. Customs Service, Information Services
Group, Washington, D.C. 20229. DO NOT send completed form(s) to this office.

U.S. GPO 1999-450-858                              **Customs Form 6059B (012799)(Back)**

00020

APHIS FWS USE ONLY

**WELCOME TO THE UNITED STATES**

CUSTOMS USE ONLY

DEPARTMENT OF THE TREASURY
UNITED STATES CUSTOMS SERVICE

**CUSTOMS DECLARATION**

19 CFR 122.27, 148.12, 148.13, 148.110, 148.111

Each arriving traveler or responsible family member must provide the following information (only ONE written declaration per family is required)

1 Family Name
**Hodgson / Szabo**

2 First (Given) Name
**Kathleen**

3 Middle Initial(s)   4 Birth Date (ca., mo.yr)
**M     7 31 64**

5 Airline/Flight No. or Vessel Name or Vehicle License No
**Ft**

6 Number of Family Members Traveling With You
**0**

7 (a) Country of Citizenship
**Lee County USA**

7 (b) Country of Residence
**USA**

8 (a) U.S. Address (Street Number/Hotel Mailing Address in U.S.)
**1417-3 Del Prado Blvd** Ste 283   Cape FL Coral 33990

8 (b) U.S. Address (City)
**Cape Coral**

8 (c) U.S. Address (State)
**Fl     33990**

9 Countries visited on this trip prior to U.S. arrival

a  **Jamaica**         b  ( UK )

c                      d  vacation

10 The purpose of my trip is or was
(Check one or both)

Business     Personal ✓

11 I am (We are) bringing fruits, plants, meats, food, soil, birds, snails, other live animals, wildlife products, farm products, or have been on a farm or ranch outside the U.S.

Yes     No ✓

12 I am (We are) carrying currency or monetary instruments over $10,000 U.S., or foreign equivalent

Yes     No ✓

13 I have (We have) commercial merchandise, U.S. or foreign (Check one box only)

Yes     No ✓

14 The total value of all goods, including commercial merchandise I/we purchased or acquired abroad and am/are bringing to the U.S. is

$ **0**

U.S. Dollars

(See the instructions on the back of this form under "MERCHANDISE" and use the space provided there to list all the items you must declare. If you have nothing to declare, write "0-" in the space provided above.)

**SIGN BELOW AFTER YOU READ NOTICE ON REVERSE**

I have read the notice on the reverse and have made a truthful declaration

X **Kathleen Szabo**

Signature                                    Date (ca., mo.yr)

U.S. Customs use only — Do not write below this line — U.S. Customs use only

INSPECTOR'S BADGE NUMBER             (AREA)

TIME COMPLETED

Customs Form 6059B (012799)

U.S. IMMIGRATION
066     REV.   #215.
JUL 3 2000
ADMITTED
UNTIL

00021



# STATE OF MONTANA

#### **** CERTIFICATION OF A BIRTH RECORD ***

**File No.**              125-6415-007623

**Name:**                 KATHLEEN MARIE HODGSON

**Date of Birth:**        JULY 31, 1964

**Sex:**                  FEMALE

**Place of Birth:**       FLATHEAD COUNTY

**Date Filed:**           AUGUST 4, 1964

**Mother's Maiden Name:** MIRIAM RITA HIEBERT

**Father's Name:**        PAUL HARRISON HODGSON

**Date Issued:**          MARCH 16, 2000

**By:**  _C. Black_

00023

74649

This certifies that this document is a true duplication
of the original information on file with the Department
of Public Health and Human Services

Michael J. Billings

Michael G. Billings, Administrator
Operations and Technology Division
Vital Records and Health Statistics Bureau



Not Valid Unless Raised Seal is Present

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



00024

